Well, good morning and welcome to the Ninth Circuit. My colleague Judge Graber and I would like to welcome and thank Judge Thunheim from Minnesota. It would be very difficult for us on the Ninth Circuit to do our job without judges like Judge Thunheim. So we have submitted a number of cases today. Martinez-Santiago v. Bondi, Lara's-De La Rosa v. United States, Hypes v. United States, and Barlow v. Town of Colorado City have all been submitted. We have one case on the argument calendar. It is my understanding that Applees are splitting their time with Mr. Cohn going first as an Applee for ten minutes and then Mr. Mudd for five minutes. Is that right? All right. And we are going to put separate time on the clocks for both of you. So Mr. Cohn, you will see ten minutes and when that is exhausted, you are done. And Mr. Mudd will have five minutes. All right. So Mr. Summers, whenever you are ready. Good morning, Your Honors. May it please the Court, my name is Rob Summers. I represent the appellants in this matter, Zakia Jacqueline Rajabian and Dulceria La Bonita-Holsail. I would like to first address the issue presented by the Court, which was regarding the December 19, 2023, order. And the Court asked whether the order was a final order, I guess, for the purposes of a Notice of Appeal. And the Court asked us to look at Ingram v. AC&S, Inc., 977, Fed. 2nd, 1332, 9th Circuit, 1992, first holding that a minute order may constitute a dispositive order for Notice of Appeal purposes if it states that it is an order, is mailed to counsel, it is signed by the clerk that prepared it, and it is entered on the docket sheet. An excerpt of Record 797 shows the text of the minute entry, which states, quote, it is ordered, staying the case on all claims pending the outcome of the State Court litigation, end quote. I do not think the Court doubts that the December 19, 2023 order is an appealable order. Jurisdiction for this appeal is pursuant to 28 U.S.C. 1291, which states that the Court of Appeals has jurisdiction of appeals from all final decisions of the District Courts of the United States. And the Colorado River Doctrine cases are reviewed as final decisions under 28 U.S.C. section 1291. Federal Rule of Civil Procedure 54A defines a judgment as used in these rules includes a decree and any order from which an appeal lies. The question then is whether the stay order pursuant to the Colorado River Doctrine is not considered entered unless it meets the requirements under Rule 58, Federal Rules of Civil Procedure, for entry of a judgment. The Ingram case states at page 1336, a judgment is ordered, a judgment or order is, quote, entered within the meaning of Rule 4A, quote, when it is entered in compliance with Rules 58 and 79A of the Federal Rules of Civil Procedure. And they're citing the Federal Rule of Appellate Procedure 4A-7. Rule 58 requires that every judgment be set out on a separate document. And Rule 79 details a civil docketing procedure to be followed by the District Court when entering a judgment. So in this case, the December order is not considered entered until the earlier of two events occurs. It is set out as a separate document or 150 days of run from the entry of that order in the civil docket. And that's pursuant to Rule 58C-2A and B. And that same requirement is in Rule 4A-7A-2 of the Federal Rules of Appellate Procedure, which states a judgment order is entered for purposes of this Rule 4A. If Federal Rule of Civil Procedure 58A requires a separate document, when the judgment order is entered in the civil docket and the earlier of two events occurs, the judgment order is entered as a separate document or 150 days of run from the entry of judgment or order in the civil docket. So the fact that the stay order is an appealable final decision means it meets the definition of a judgment and thus it means it has to be set out as a separate document in order to be considered entered or else it is considered entered 150 days from the entry on the docket. So if the Court is questioning whether the December 19, 2023 mid-entry is a separate document, it clearly is not. Because of the provision for a settlement conference? No, Your Honor, the December 19, 2023 mid-entry ends by stating this is a text entry only. There is no PDF document associated with this entry. What does that mean in plain English? I'm very non-techy. So it's text and it's entered, so why does there have to be a PDF document? Well, the Rule says it has to be entered as a separate document. Well, why isn't the mid-entry text, which is docketed, a text entry, an entry? It's confusing to me. Because the document itself says there is no document associated with this entry. If I'm understanding Judge Graber's question correctly, when I look at ER 797, it looks to me like a document. It looks to me like it's separate and it looks to me like it's entered. So I think I'm missing what your point is because 797 looks to me like it satisfies what the Court talked about in INGRA. I mean, it's titled Notice of Electronic Filing, so it appears that the Court intended to file it, and as you've acknowledged, it is an order. Put more simply, why isn't it a document? Because right in the text of the document, it says document number 79, quote, no document attached. That means this is not a document. This is a docket text. It is a mid-entry that says that this is a text entry only. So your position is there have to be two documents. There has to be the electronically filed and emailed document, and there has to be a separate attached document that presumably is identical. I don't understand that. Well, Your Honor, it would not be identical because if there was a document attached, it would presumably contain the contents of the rest of the order, like the reasoning behind the order, the parties involved. That's not required for finality. Well, Your Honor, I can only interpret the rules. Well, no. Is it your position that there has to be reasoning for it to be a final order, or can it just be the order or judgment? Typically, at the end, there isn't the reasoning. That's contained somewhere else. Well, if we look at Ingram, once again, at page 1339, it says, in the context of Federal Rules of Civil Procedure 58's separate entry requirement, Rule 58 was, quote, intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court, only to have the appellate court announce later that an earlier document or entry had been the judgment and dismissed appeal as untimely. So, in your view, would it count if, other than saying there is no PDF document associated with this entry, if this exact same content was as the next docket entry filed, and it said nothing different than this, would that qualify? Well, Your And when the rule says there must be a separate document, there's no way for a separate document to exist unless there's an entry such as this one that then attaches a separate document. That's why it says, next to the document number, no document attached. That seems contrary to our decision in Ingram, because minute orders typically are docketed like this, without being a whole series of, they have, they're set out with a separate docketing number. So that would kind of undo our case law saying that a minute entry can count. Well, Your Honor, we're not saying it doesn't count as an order. We're acknowledging that it's an order. What we're saying is that it's a judgment that has not been set out as a separate document. And therefore, it is not considered entered yet. Otherwise, every text entry would be a document, and the rule wouldn't have any meaning. What does the term entry mean then? This is a text entry. If it's not entered, why is it called an entry? Well, because there's a difference between entry and entered. The Rule 58 says that the document, in Rule 79, it says that the document is entered into the docket. That is the entry into the docket. This is a docket. This is a docketed entry number 79. It's a docketed entry. I want to ask you one other question. Our earlier case talked about mailing in the old-fashioned sense, and this was electronically mailed. Are you making any argument that that in and of itself is a problem? No, Your Honor. I don't think there's any question it was received. Okay, so emailing and received are fine. I just don't know how the rule could possibly be interpreted to say that entry is different from entered because Rule 4 and Rule 58 both use this terminology to say that a separate document must be filed if something is a judgment. If this was not a judgment, then this would simply be an order. But because it's a dispositive order that is an appealable order, then it qualifies as a judgment, and because it's now a judgment, it must be entered as a separate document for it to be considered entered. Otherwise, it's considered entered 150 days later, and that's only for notices of appeal purposes, not for enforceability. If the minute entry or the minute order, which is the subject of this, had gone on to say this is a final judgment and this is appealable, but it's still part of a minute entry and not a separate document, would that be a final document for an appeal? It would not be a separate document. It would be a final document. So it's not a separate document, then it wouldn't be appealable under your theory, right? For 150 days. For 150 days, it would not be considered entered for the purposes of a notice of appeal. I mean, otherwise, why after the document number 79, would they have in parentheses, no document attached, if this wasn't a fact? So that the people who receive it know not to be looking for something else. It's informative, but I don't understand that it has legal for us. Well, I'm sure the entry for the November 22, 2023 order said document attached. And that order would have been considered entered at the time that it was entered into the docket, because it had a separate document attached that was an order. So I think the purpose for the rule is to say that orders that simply are entered as text entries are not considered entered because there's not a separate document for 150 days. And that's because of the policy in Ingram, which was citing to Bankers Trust versus Malice, a Supreme Court case. Well, leaving aside policy, if this had attached a PDF document that was identical to the minute entry, it just was redundant. Would that do? That's correct, Your Honor, because it would have said order attached. And you really think that that should make a difference? Well, Your Honor, all we can do is interpret the rules as they're written. I mean, if it's, if we're just talking about policy or equity, then I think when we file a notice of appeal within that 150 days, you know, as stated in Ingram, citing to Bankers Trust, the entire purpose of that separate entry requirement is to not have a gotcha game where you file a notice of appeal and the court says, well, wait, there was an earlier order that actually should have started running your clock. You're too late. And now you're out of luck. So counsel, we've taken up a lot of your time with questions. You don't have a lot of time left, but did you want to move to the merits? Well, Your Honor, I'm not sure what else the court really wanted to hear from us in terms of the merits. Obviously, I think the pleadings go into quite a bit of detail as to why the abstention was not properly applied in this case. There's clearly some of the factors six and eight under the test set out in R.R. Street versus Transportation Insurance Company, which is whether the state court can protect the rights of the parties and whether the state court will resolve all of the issues before the federal court. It's clearly not met in this case because there's a lack of parallelism. These cases are simple. The federal case and the state court case are simply not parallel. They're not even remotely similar. There's two parties involved in both cases with one common claim for invasion of privacy. And I will quote you from Ernest Bach LLC versus Steelman, 2023 Westlaw 4940428 at page nine, Ninth Circuit, August 3rd, 2023. It would be inappropriate to maintain a stay in this case, quote, if there is any substantial doubt as to whether the parallel state court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. A Colorado River stay necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case. When one possible outcome of the parallel state court proceedings is continued federal litigation, we find a substantial doubt that the state court action will provide a complete and prompt resolution of the issues because the federal court may well have something further to do. In this case, the court clearly understood when it was putting the stay in place that it was just waiting for apparently one or two claims to be resolved in the state court action, understanding that we were having, we had to come back to federal court to litigate the claims against Mercedes, the claims against Lionheart Security, Gerald Shibley, Jeff Nowak, Vern Fouts, and Gus Gonzalez. None of those parties are parties in the state court action. If they're claiming that they can somehow use some findings in the state court claim as defensively as a stopple, but they don't similarly acknowledge that if we were to win on those claims in state court, that they could somehow resolve all the claims in the federal action. It's simply impossible. There's a breach of implied contract claim in the federal case that's simply not part of the state court case. Where are things now? Right now we are appealing a judgment for conversion in the state court case. The state court case has otherwise stayed pending the outcome of that claim. So all of our counterclaims in the state court case are currently not being prosecuted. So there's an interlocutory appeal? It is a Rule 54B judgment. Okay. Yes, Your Honor. All right. So we will give you some time for rebuttal. Thank you, Your Honor. Good morning, Your Honor. My name is Larry Cohen. I'm counsel for Phoenix Motor Company. Thank you for the opportunity to address you today. With regard to the status of the proceedings in the state court, Your Honor, your last question. We are up on appeal now on the central issue, frankly, in both cases, which is, well, we're up on a conversion claim, but within the conversion claim, the issue is, is it a conversion claim? If the issue was addressed, who owns this vehicle? That's been the central issue in the state case, and it was attempted to be the central issue in the federal case. That's now up on appeal. By stipulation, everything has stayed in the state court while that's proceeding. Presumably the state court is going to decide who the true owner was? Excuse me, Your Honor? Presumably the state court is going to decide who the true owner was? Well, the trial court made that determination. And so the appellate court will have to address that because ownership of the vehicle, right to immediate possession, is an element of the conversion claim. And so presumably the appellate court will address that issue. So that's the status of the state court proceedings. We could be doing more. There could be further things going on. But the Syria party, which in that case is a defendant, has chosen to agree to a stipulation to say that proceeding. And that's where we are. As far as jurisdiction is concerned, Your Honor, I have a number of points that I wanted to make about jurisdiction. I can talk further about the issue raised by the court, but I think your questions covered it. But very briefly, it's our view that per Ingram, the docket number 79, the text entry, is in fact a separate document and does constitute an appealable order. We also have the rulings in the Moses and Quackenbush cases which say that in the abstention context, when a stay is imposed, it becomes appealable because parties are out of court, out of federal court. And so either way, it's an appealable order from which they could have and should have gone forward and not going forward has had consequences for them. And this is addressed both in the Moses and Quackenbush case. They had the option at that point of filing an appeal and being in this court. That's what we could be talking about today. But they chose not to. And again, just as a reminder, Your Honor, if you look at the if the court looks at the the statement of the case that they prepared, they indicate that what they're appealing from is not the December 19 minute order. They're appealing from the April 13 order for the lift stay. So the stay itself is not part of this appeal in terms of what they have appealed. More could it be because in our view, the time for appeal ran and they didn't timely appeal it. But by not appealing it, they've had a further consequence that affects the jurisdiction of this court, which is that the certain questions, specifically the federal questions through which they had their hook into the federal jurisdiction were ruled upon by the state court on their merits. And so to take a step back, how do they get to federal court with this largely state court action? They do it by alleging a violation of the wiretap statute. And so presumably that then gives this court jurisdiction because it doesn't have diversity jurisdiction. Well, by agreeing to go back to the state court, that issue of the viability of that claim was addressed in the state court and the state court ruled that there was a failure to state a claim. It had to do with the fact that their allegations were based upon the geophysical location aspect of the effort to find the vehicle. And that's the the hook on which they say that the wiretap act was violated. Well, the state court made a would consider that under Rule 12B-6 and made a ruling that there was no state action stated for purposes of that statute because geophysical location is not a part of the statute that is subject to a civil civil action. So they lost that. They also pursued in the state court another federal court action, the Stored Communications Act, and the court found that that, too, did not state a claim for relief under 12B-6. So where are we now? Well, we are now is that the means by which they get to federal court have federal court jurisdiction have been decided in the state court. The remedy is to then go through the appeal down there and through the state court and have that issue addressed. But that issue has now been decided and we contend that race judicata applies. And so the opportunity. But I mean, even if you're right, that at some point, race judicata would apply. The district court might still have supplemental jurisdiction over the remaining claims. Right. All the remaining claims are state court claims. Yes. But but that's what supplemental jurisdiction deals with. Right. I appreciate that, Your Honor. But but the opportunity for them to be in the federal court where the court can act on those supplemental claims is now gone. There there's no federal basis for them to be there. So you would end up having it. There would be there would be a federal basis. It just might not have any merit. Well, unless I hadn't thought about it that way, Your Honor, I suppose that there they'd be in federal court. I mean, the fact the fact that somebody brings a claim that on its face states a federal cause of action gets you into federal court. And the fact that you may not be able to succeed on the merits doesn't deprive the federal court of jurisdiction or the discretion to look at the state claims as part of supplemental jurisdiction, although it would likely inform the district court's discretion. I understand what you're saying, and I'm not going to sit here and sit here and disagree with your honor. It just seems to me that once we get back to federal court, if this court allowed it to go there, we would file a motion to dismiss for a lack of federal jurisdiction at that point. And we'd be back with the argument that all these are state claims and they belong in the state court where they're already being prosecuted and already being pursued. That at least is a problem that they now have by virtue of not taking the appeal. Back to docket number 79 again, Mr. Cohen, you know, it says no document is attached. A stay is at least theoretically temporary. Why would someone believe that this is a an order that can be appealed? And if you don't appeal, you're going to lose your rights? Well, I think there are two reasons you're on. And one is the Ingram case, which identifies when and under what circumstances a a minute entry order is an appealable order. And this text order, we believe, meets all the requirements for that as set forth by this court in the question and ask it's an order. It was mailed. It was signed by the clerk and it's entered on the docket sheet. So all of those requirements have been met. So that should have put them on notice. But the Moses and Quackenbush case also put them on notice by saying that when you have in the abstention context, a stay that is is goes into effect, that it is then becomes appealable because you're now out of court. And so I think there are two ways in which they were. They should have been aware of that and should have taken action. And again, they should have been mindful of the consequences that could follow of not doing this. Well, counsel, actually, as I understood the argument that was made by Mr. Summers, I understood him to concede that it's dispositive and appealable in theory, this order, and that his complaint or his assertion is that it simply is not a separate enough document. So if you could address that specific question where it says there is no PDF document associated with this entry. I think that statement, Your Honor, with respect to Mr. Summers, I think that statement is just informative not to go looking for another document, as is often the case when the court announces its orders that there's another document that one should go look at. But there is no separate document here, nor is one required. With the court had already. Well, the rules require a separate document. But I gather that your position is that this document has its own number. Seventy nine. It's called document number. So that it is a separate document. That's exactly what I was going to say, Your Honor. It's our position that the document 79 is, in fact, by itself a separate document for purpose of the applicable rules of procedure and that no other document is required. It also – there's no separate document which lays out reasoning. There wasn't a need for one. The court had already done that in document 76 and set out what its reasoning was that supported the stay so that there was no separate document in part because there's no need for one under the circumstances. Well, actually, the rules say you're not supposed to put that in judgment anyway. I'm sorry, Your Honor. As I read the rules, the final judgment is not supposed to contain things like here are the 50 pages of reasons that I have. And I agree, Your Honor. And this document stood by itself to have the effect of being an appealable order. And that's what we were dealing with here. I'm out of time. Thank you, Your Honor, very much.  Good morning, Your Honors, and may it please the Court. My name is Carl Mudd, and I represent Apelli Mercedes-Benz USA LLC. I want to start by just expressing our agreement that the December 19th minute order does constitute an appealable order for purposes of appeal under 29 – or 29-1291. With respect to the separate document requirement, as Mr. Cohen set out, the document that was sent by the clerk to the parties can and should qualify as a separate document. That was sent via the Court's electronic system, via electronic mail, and that's permitted under Rule 5, I believe it is, Your Honors. And to the extent a separate document is required and to the extent that separate email does not constitute a separate document, the United States Supreme Court and this Court have acknowledged that a separate document, that requirement may be weighed. If the minute order – if the subsequent – I apologize. Well, the opposing party certainly didn't waive it, and that's their argument. Well, by filing the motion to lift the stay, the appellants indicated their unambiguous belief that that minute order and that the Court's initial stay was a final order. So they understood that this was a final order. They knew that it was an order. Although they're not quarreling with that. They're saying that under the rule, because as I understand it, because this isn't set out as a separate document, they have 150 days to – I mean, it becomes final in 150 days. So I don't think they're quarreling with at some point this will be appealable. Their quarrel is it wasn't appealable immediately because of the separate document rule. And, Your Honor, I just want to point out that the separate document, as Ingram made clear, can be necessarily satisfied through the minute and text order and the subsequent email. I simply want to point out to the Court that it is possible for that separate document requirement, to the extent those other things – those other documents did not satisfy the requirement, can be waived through actions of the parties and through lack of objection. And the expression of the appellants, by filing their motion to lift stay, acknowledges the fact that the initial stay order should be considered a final order that had been entered and was appealable. That said, moving to the merits of this case, we agree that this is simply an attempt by the appellants to circumvent appellate and state court review. This case and the state case involve the same exact factual predicate and concern the same exact issue. This luxury motor vehicle and the attempts made to recover that motor vehicle. Everything in both actions flow from this single fact. And all issues arise from that factual predicate. With respect to the issue raised by appellants concerning the ability of the court to hear claims and the complete satisfaction of all claims raised, these are separate and distinct factors raised in the Colorado River Doctrine. The ability to address the claims refers to the authority of the court to hear those claims. It does not mean that the court has to, in fact, hear them. The state court has concurrent jurisdiction over the wiretap claims, and they can also hear every other claim that's been raised in the federal court. The fact that those claims were not raised in the state court is purely the result of appellant's litigation strategy. It does not mean that they could not have been raised or they shouldn't have been raised by them. With respect to the next element, whether the state court proceedings will resolve all matters raised in the federal proceeding. This factor can be satisfied despite the fact that there is different claims in different parties. It doesn't matter if the appellants were denied the attempt to bring these parties in. The focus of that factor is whether or not the resolution of the issues raised in the state court will resolve all matters raised in the federal court. We submit that that will occur. Once the state court has run its course, once it's gone through the appellate procedures, we'll have a final order, a final judgment with respect to the ownership of the vehicle. That determination will flow towards several other claims that have been raised in the federal court where claim preclusion and residue of caught in collateral estoppel very well may bring a total resolution to the thing, to the federal action. It is reasonably probable that that will occur. And I am out of time, Your Honors. Thank you very much. Thank you, Counsel. We'll give you two minutes for rebuttal. Thank you, Your Honor. I think I'd just like to point out that Rule 58 says that it's a separate document, not a separate docket entry. And the rules simply know from Rule 79 what a difference is between a docket entry and a document. As to the residue of caught arguments I've been hearing, first of all, it is not a final order, as Mr. Cohen pointed out, in the state court regarding the federal claim. And that claim could be appealed later. And, therefore, there's no reason why the federal court couldn't currently be hearing that claim. If this case hadn't been stayed, the federal action would probably already be at a trial by now. The defense of claim preclusion has three elements, identity of claims in which the judgment entered in the current litigation, a final judgment on the merits of the previous litigation, and identity or privity between the parties in the two suits. I still haven't heard why the defendants in the federal action are going to be able to rely upon the state court dismissing, potentially after appeals, the federal claim against Phoenix Motor Company. They obviously have different conduct and there's different, you know, facts involved as whether each one of those parties may or may not have violated the Wiretap Act, for example. I believe we've already sort of run the course of the arguments on the timeliness of the appeal. And I think the one last thing I would say about that is that we did timely appeal the denial of the motion to lift the stay. And if the motion to lift the stay was denied without any opinion or argument whatsoever, I don't know how the court, you know, could assess, you know, that appeal of that order, other than by looking at the prior orders that gave the reasoning for issuing the stay in the first place. So after we went to state court, we had all kinds of procedural attempts there to bring in new parties, new claims that were all rejected. And in the motion to lift the stay, the court should have considered that in lifting the stay. All right. We thank counsel for their arguments and the case just argued is submitted. With that, we are adjourned for the day.
judges: GRABER, BENNETT, Tunheim